LYNN HUBBARD, III, SBN 69773
SCOTTLYNN J HUBBARD, IV, SBN 212970
**LAW OFFICES OF LYNN HUBBARD**
12 Williamsburg Lane
Chico, CA 95926
Telephone: (530) 895-3252
Facsimile: (530) 894-8244

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS KOHLER,<br><br>Plaintiff,<br><br>vs.<br><br>PETCO ANIMAL SUPPLIES STORES, INC. dba PETCO #927; GOLDEN EAGLE MANAGEMENT, LLC,<br><br>Defendants. | Case No. 07cv2125 W (AJB)<br><br>**Plaintiff's First Amended Complaint** |

## I. SUMMARY

1. This is a civil rights action by plaintiff Chris Kohler ("Kohler") for discrimination at the building, structure, facility, complex, property, land, development, and/or surrounding business complex known as:

Petco #927
3875 Mission Avenue
Oceanside, CA 92058
(hereafter "the Store")

2. Kohler seeks damages, injunctive and declaratory relief, and attorney fees and costs against Petco Animal Supplies Stores, Inc. dba Petco #927 and Golden Eagle Management, LLC (collectively "Petco") pursuant to the Americans with Disabilities Act of 1990, ( 42 U.S.C. §§ 12101 et seq.), and related California statutes.

## II. JURISDICTION

3. This Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343 for ADA claims.

4. Supplemental jurisdiction for claims brought under parallel California law—arising from the same nucleus of operative facts—is predicated on 28 U.S.C. § 1367.

5. Kohler's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

## III. VENUE

6. All actions complained of herein take place within the jurisdiction of the United States District Court, Southern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b), (c).

## IV. PARTIES

7. Petco owns, operates, or leases the Store, and consists of a person (or persons), firm, or corporation.

8. Kohler was shot in the back in 1988, which left him paralyzed from the waist down. He requires the use of a wheelchair when traveling about in public. Consequently, Kohler is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

## V. FACTS

9. The Store is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

10. Kohler visited the Store and encountered barriers (both physical and intangible) that interfered with—if not outright denied—his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility. To the extent known by Kohler, the barriers at the Petco included, but are not limited to, the following:

- The disabled parking space has an excessive slope;
- The access aisle adjacent to the disabled parking space has an excessive slope;
- None of the accessible spaces are designated as van accessible;
- The International Symbol of Accessibility ("ISA") painted in the disabled parking spaces are not the correct size;
- There is no ISA posted at the entrance doors;
- The entrance doors require too much force to operate;
- The counter is mounted too high for a person in a wheelchair to access;
- Inside the Store, there is no signage directing one to the restrooms;
- The accessible stall door in the restroom is not self closing;
- The toilet tissue dispenser protrudes into the clear floor space needed at the water closet;
- The toilet tissue dispenser has sharp edges;

- On the interior of the stall door, there is no handle mounted below the lock;
- The coat hook on the interior of the stall door is mounted too high;
- The pipes underneath the lavatory are not properly wrapped;
- There is insufficient knee clearance underneath the lavatory; and,
- The lavatory controls require twisting and pinching.

These barriers prevented Kohler from enjoying full and equal access.

11. Kohler was also deterred from visiting the Store because he knew that the Store's goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself). He continues to be deterred from visiting the Store because of the future threats of injury created by these barriers.

12. Kohler encountered barriers at the Store, which violate state and federal law, but were unrelated to his disability. Nothing within this Complaint, however, should be construed as an allegation that Kohler is seeking to remove barriers unrelated to his disability.

13. Petco knew that these elements and areas of the Store were inaccessible, violate state and federal law, and interfere with (or deny) access to the physically disabled. Moreover, Petco has the financial resources to remove these barriers from the Store (without much difficulty or expense), and make the facility accessible to the physically disabled. To date, however, Petco refuses to either remove those barriers or seek an unreasonable hardship exemption to excuse non-compliance.

14. At all relevant times, Petco has possessed and enjoyed sufficient control and authority to modify the subject property to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Petco has not removed such impediments and has not modified the subject property to conform to

accessibility standards. Petco has intentionally maintained the subject property in its current condition and has intentionally refrained from altering the subject property so that it complies with the accessibility standards.

15. Kohler further alleges that the (continued) presence of barriers at the facility is so obvious as to establish Petco's discriminatory intent.[1] On information and belief, Kohler avers that evidence of this discriminatory intent includes Petco's refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the facility; conscientious decision to the architectural layout (as it currently exists) at the facility; decision not to remove barriers from the facility; and allowance that Petco's property continues to exist in its non-compliant state. Kohler further alleges, on information and belief, that Petco are not in the midst of a remodel, and that the barriers present at the facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.[2]

## VI. FIRST CLAIM

**Americans with Disabilities Act of 1990**

Denial of "Full and Equal" Enjoyment and Use

16. Kohler incorporates the allegations contained in paragraphs 1 through 15 for this claim.

17. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

---

[1] E.g., *Gunther v.Lin*, 144 Cal.App.4th 223, fn. 6

[2] Id.; 28 C.F.R. § 36.211(b)

18. Petco discriminated against Kohler by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Store during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

19. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

20. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

21. Here, Kohler alleges that Petco can easily remove the architectural barriers at the Store without much difficulty or expense, and that Petco violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

22. In the alternative, if it was not "readily achievable" for Petco to remove the Store's barriers, then Petco violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

Failure to Design and Construct an Accessible Facility

23. On information and belief, the Store was designed or constructed (or both) after January 26, 1992—independently triggering access requirements under Title III of the ADA.

24. The ADA also prohibits designing and constructing facilities for first occupancy after January 26, 1993, that aren't readily accessible to, and usable by,

individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

25. Here, Petco violated the ADA by designing or constructing (or both) the Store in a manner that was not readily accessible to the physically disabled public—including Kohler—when it was structurally practical to do so.[3]

Failure to Make an Altered Facility Accessible

26. On information and belief, the Store was modified after January 26, 1992, independently triggering access requirements under the ADA.

27. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

28. Here, Petco altered the Store in a manner that violated the ADA and was not readily accessible to the physically disabled public—including Kohler—to the maximum extent feasible.

Failure to Modify Existing Policies and Procedures

29. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

30. Here, Petco violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Store, when these

---

[3] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state or federal statutes.

modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

31. Kohler seeks all relief available under the ADA (*i.e.*, injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

32. Kohler also seeks a finding from this Court (*i.e.*, declaratory relief) that Petco violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CLAIM

## **Disabled Persons Act**

33. Kohler incorporates the allegations contained in paragraphs 1 through 30 for this claim.

34. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

35. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

36. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

37. Here, Petco discriminated against the physically disabled public—including Kohler—by denying them full and equal access to the Store. Petco also violated Kohler's rights under the ADA, and, therefore, infringed upon or violated (or both) Kohler's rights under the Disabled Persons Act.

38. For each offense of the Disabled Persons Act, Kohler seeks actual damages (both general and special damages), statutory minimum damages of one

thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

39. He also seeks to enjoin Petco from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## VIII. THIRD CLAIM

## **Unruh Civil Rights Act**

40. Kohler incorporates the allegations contained in paragraphs 1 through 30 for this claim.

41. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

42. California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

43. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

44. Petco's aforementioned acts and omissions denied the physically disabled public—including Kohler—full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

45. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Kohler by violating the Unruh Act.

46. Kohler was damaged by Petco's wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) <u>for each offense</u>.

47. Kohler also seeks to enjoin Petco from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## IX. FOURTH CLAIM

## **Denial of Full and Equal Access to Public Facilities**

48. Kohler incorporates the allegations contained in paragraphs 1 through 13 for this claim.

49. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (built with private funds) shall adhere to the provisions of Government Code § 4450.

50. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

51. Kohler alleges the Store is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Store was not exempt under Health and Safety Code § 19956.

52. Petco's non-compliance with these requirements at the Store aggrieved (or potentially aggrieved) Kohler and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## X. PRAYER FOR RELIEF

WHEREFORE, Kohler prays judgment against Petco for:

1. Injunctive relief, preventive relief, or any other relief the Court deems proper.

2. Declaratory relief that Petco violated the ADA for the purposes of Unruh Act or Disabled Persons Act damages.

3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the California Civil Code (but not both) according to proof.

4. Attorneys' fees, litigation expenses, and costs of suit.[4]

5. Interest at the legal rate from the date of the filing of this action.

DATED: January 29, 2008

LAW OFFICES OF LYNN HUBBARD

*/s/ Lynn Hubbard, III*
LYNN HUBBARD, III
Attorney for Plaintiff, Chris Kohler

[4] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.